**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**


Daniel E. Ayer, Sr.


            v.                              Civil No. 07-cv-304-SM


Richard Gerry, Warden,
New Hampshire State Prison


**REPORT AND RECOMMENDATION**


        Before the Court is Daniel Ayer's petition for a writ of
habeas corpus, filed pursuant to 28 U.S.C. § 2254 (document no.
1).  Ayer challenges the constitutionality of his State
conviction for first degree murder.  The matter is before me for
preliminary review.  See Rule 4 of the Rules Governing § 2254
proceedings ("§ 2254 Rule") (requiring initial review to
determine whether the petition is facially valid); United States
District Court for the District of New Hampshire Local Rule
("LR") 4.3(d)(2) (authorizing magistrate judge to preliminarily
review filings by inmates in accordance with 28 U.S.S. §
1915A(a)).

                        Standard of Review

        Under this Court's local rules, when an incarcerated
plaintiff commences an action pro se and in forma pauperis, the

magistrate judge is directed to conduct a preliminary review.  LR
4.3(d)(2).  In conducting the preliminary review, the Court
construes pro se pleadings liberally, however inartfully pleaded.
See Erickson v. Pardus, ___ U.S. ___, 127 S. Ct. 2197, 2200
(2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and
Haines v. Kerner, 404 U.S. 519, 520–21 (1972) to construe pro se
pleadings liberally in favor of the pro se party).  "The policy
behind affording pro se plaintiffs liberal interpretation is that
if they present sufficient facts, the court may intuit the
correct cause of action, even if it was imperfectly pled."  See
Castro v. United States, 540 U.S. 375, 381 (2003) (noting that
courts may construe pro se pleadings so as to avoid
inappropriately stringent rules and unnecessary dismissals of
claims); Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).
All of the factual assertions made by a pro se plaintiff and
inferences reasonably drawn therefrom must be accepted as true.
See id.  This review ensures that pro se pleadings are given fair
and meaningful consideration.

Background

     Daniel Ayer was convicted of first degree murder in the New
Hampshire Superior Court.  On June 28, 2004, he was sentenced to

2

life in prison without the possibility of parole.[1]  Ayer is currently serving that sentence at the New Hampshire State Prison.  Ayer took a direct appeal to the New Hampshire Supreme Court ("NHSC"), which affirmed his conviction on December 7, 2006.  Ayer filed an unsuccessful motion to reconsider that decision in the NHSC.  This petition followed, raising the following claims as grounds for relief:[2]

1.  Ayer was denied his Fifth, Sixth, and Fourteenth Amendment right to represent himself at trial when the trial court "forced" him to have court-appointed counsel;

2.  Ayer was denied his Sixth and Fourteenth Amendment right to the effective assistance of counsel when his appointed trial counsel:

   a.  Refused to file an interlocutory appeal of the trial court's denial of Ayer's right to proceed pro se at trial;

---

[1]This was Ayer's second trial on the murder charge.  His first trial resulted in a conviction, which was overturned by the New Hampshire Supreme Court on the basis that Ayer had been denied the right to represent himself in that trial.  Before his retrial, Ayer sought, unsuccessfully, to preclude a second trial on double jeopardy grounds.

[2]The claims as identified here will be considered to be the claims raised in the petition for all purposes.  If Ayer disagrees with the claims as identified, he must do so by objecting to this Report and Recommendation or by properly moving to amend his petition.

    b.    Did not preserve, for the appellate record in the case, Ayer's objection to being provided with court-appointed counsel;

    c.    Refused to obtain weapons and forensics experts who could have provided exculpatory information;

    d.    Refused to present defenses based on Ayer's State constitutional right to bear arms in defense of himself, other people, or his property and his State constitutional right to revolution;

    e.    Refused to call as witnesses at petitioner's trial individuals who had been involved in protests against the New Hampshire Department of Health and Human Services Division of Children, Youth, and Families ("DCYF");[3]

    f.    Refused to call as witnesses at petitioner's trial employees of DCYF who were of the opinion that DCYF was not effectively performing its intended functions;

    g.    Refused to investigate child abuse allegations against DCYF from 1998 to use in Ayer's defense at trial; and

    h.    At Ayer's retrial, read a transcript of the testimony of a witness at the first trial who was deceased at the time of the second trial;

3.    Ayer's Sixth and Fourteenth Amendment right to confront the witnesses and evidence against him was violated when the trial court admitted testimony of a witness who had died between Ayer's first and second trials, and whose testimony was recorded at the first trial;

---

[3]The victim in Ayer's case was a DCYF caseworker who had been assigned to work with Ayer and his family, and who Ayer felt presented a threat to his relationship with his son.

4.    Ayer's Fifth, Sixth, and Fourteenth Amendment rights to
      Due Process and a fair trial were violated when the
      trial court denied Ayer the ability to present certain
      defenses to the jury for consideration;

5.    Ayer's Fifth, Sixth, and Fourteenth Amendment rights to
      Due Process and a fair trial were violated when the
      trial court refused to instruct the jury regarding the
      lesser offense of provocation manslaughter;

6.    Ayer's Fifth and Fourteenth Amendment rights to Due
      Process and not to incriminate himself were violated
      when his statements were admitted at trial even though
      he had not voluntarily waived the rights afforded to
      him by <u>Miranda v. Arizona</u>, 396 U.S. 868 (1969);

7.    Ayer's Fifth and Fourteenth Amendment rights to Due
      Process and not to incriminate himself were violated
      when his statements were admitted at trial even though
      he had invoked his right to counsel prior to
      questioning, but was not afforded counsel at that time;

8.    Ayer's Fourth Amendment right not to be subjected to
      unreasonable searches was violated when the trial court
      issued a search warrant for Ayer's property that
      relied, for probable cause, on statements Ayer had
      made, without having validly waived his Miranda rights,
      and after he had invoked his right to counsel;

9.    Ayer's Fifth and Fourteenth Amendment Due Process
      rights were violated when the trial court admitted in
      evidence firearms, weapons, and ammunition that was
      found in Ayer's truck even though the items were not
      used in the commission of the crime, were highly
      prejudicial, and were not introduced for a legitimate
      purpose; and

10.   Ayer's Sixth and Fourteenth Amendment right to confront
      the witnesses against him was violated when the trial
      court erroneously admitted certain testimonial
      statements made by Ayer's wife, who did not testify,
      through another witness, as excited utterances.

Discussion

I.   Custody and Exhaustion

To be eligible for habeas relief, Ayer must show that he is both in custody and has exhausted all State court remedies or that he is excused from exhausting those remedies because of an absence of available or effective State corrective processes. See 28 U.S.C. § 2254(a) & (b); see also Adelson v. DiPaolo, 131 F.3d 259, 261 (1st Cir. 1997) (citing authority to explain the exhaustion principle).  Ayer has satisfied the first requirement, as he is currently incarcerated.

A petitioner's remedies in New Hampshire are exhausted when the State's highest court has had an opportunity to rule on the petitioner's claims.  See Lanigan v. Maloney, 853 F.2d 40, 42 (1st Cir. 1988) ("habeas corpus petitioner must have presented the substance of his federal constitutional claim[s] to the State appellate courts so that the State had the first chance to correct the claimed constitutional error"); see also Picard v. Connor, 404 U.S. 270, 275 (1971) (requiring petitioner to have fairly presented the federal nature of his claims to the State courts to give them the first opportunity to remedy the claimed constitutional error).  However, Ayer's petition does not

6

demonstrate satisfaction of the exhaustion requirement for each of the claims raised.

II.   Disposition of Claims

    A.   Fourth Amendment Claim (Claim #8)

Where State courts have provided an opportunity to a federal habeas petitioner for full and fair litigation of a Fourth Amendment claim, the petitioner cannot obtain habeas corpus relief on the grounds that evidence obtained as a result of an unconstitutional search or seizure was introduced at his trial. See Stone v. Powell, 428 U.S. 465, 482 (1976); Sanna v. DiPaolo, 265 F.3d 1, 8 (1st Cir. 2001) ("a federal habeas court ordinarily cannot revisit a State court's disposition of a prisoner's Fourth Amendment claims."). Ayer alleges, in claim 8 as enumerated above, that his Fourth Amendment rights were violated when a search warrant was improperly issued, the search made pursuant to that warrant yielded incriminating evidence, and the State courts failed to suppress the evidence. Ayer's petition indicates that he was provided with the opportunity to litigate his Fourth Amendment issues in the State courts and that he did, in fact, fully litigate the issues. Accordingly, I find that under Stone

and <u>Sanna</u>, the Fourth Amendment claim in this petition is not cognizable, and I recommend that it be dismissed.

    B.   <u>Exhausted Claims</u>

    After trial, Ayer appealed his conviction to the NHSC, raising a number of issues, including the federal constitutional nature of those issues, to that court for consideration.  A review of the NHSC's opinion affirming Ayer's conviction, dated December 7, 2006, as well as Ayer's subsequent motions to the NHSC, demonstrate exhaustion of the claims numbered 1, 3-7, 9 and 10 above.  Accordingly, I find that those claims are able to proceed at this time, but, as fully explained below, will be stayed in an Order issued simultaneously with this Report and Recommendation (the "Simultaneous Order").

    C.   <u>Unexhausted Claims (Claims #2a-2h)</u>

    In his petition, Ayer concedes that his claims alleging that his court-appointed attorneys provided him with ineffective assistance of counsel have not been exhausted.  Ayer asserts that raising these claims in his State appeal would have presented a conflict of interest.  Ayer does not allege that he was denied conflict-free representation on appeal, or that he attempted to seek the withdrawal or replacement of his appellate counsel in

order to avoid any conflict that may have arisen.  Further,
appellate counsel, upon discovering a conflict of interest, would
have been obligated to withdraw from the matter.[4]

I find that Ayer has failed to exhaust his State court
remedies for his ineffective assistance of counsel, numbered 2a –
2h above.  Accordingly, in my Simultaneous Order, I will direct
Ayer to amend his complaint to demonstrate exhaustion of those
claims.  See Smith v. Digmon, 434 U.S. 332, 333 (1978) (listing
documents which would enable a federal court to determine whether
the grounds supporting the habeas petition had been presented for
review in the State courts).  In order to do so, Ayer will have
to return to the State trial court to litigate the claims and, if
he is unsuccessful there, will have to appeal the matter to the
NHSC to give that court the opportunity to rule on the federal
constitutional issues raised.  I will grant a stay of the

---

[4]I presume that the conflict alleged by Ayer existed because
trial counsel and appellate counsel were both employed by the New
Hampshire Public Defender, and that therefore, appellate counsel
could not present a conflict-free argument regarding the
ineffective assistance of trial counsel.  Such a conflict,
however, if it exists, is easily resolved by petitioning the NHSC
for new appellate counsel.  Because Ayer has not demonstrated the
denial of such a motion by the NHSC, or that he was somehow
prevented from raising this issue in the State courts, I find
that Ayer has not alleged that he was denied access to the State
courts or denied effective State court remedies for his claims
alleging ineffective assistance of counsel.

exhausted cognizable claims in this action to allow Ayer the opportunity to return to the State courts if he wishes to eventually present his ineffective assistance of counsel claims here.

      D.   <u>Mixed Petition</u>

"[T]he exhaustion principle holds, in general, that a federal court will not entertain an application for habeas relief unless the petitioner first has fully exhausted his State remedies in respect to <u>each and every claim</u> contained within the application." <u>Adelson</u>, 131 F.3d at 261 (emphasis added). As Ayer's petition contains both exhausted and unexhausted claims, if he were to press his petition without first exhausting all of the claims contained therein, I would have to recommend dismissal of the entire petition. <u>See Nowaczyk v. Warden, N.H. State Prison</u>, 299 F.3d 69, 75 (1st Cir. 2002) (citing <u>Rose v. Lundy</u>, 455 U.S. 509, 513–21 (1982)). Where a petition contains both exhausted and unexhausted claims, the proper course of action is to stay the petition pending the exhaustion of all of the claims contained therein. <u>See Rhines v. Weber</u>, 544 U.S. 269, 278 (2005) (a district court should stay a mixed petition containing both exhausted and unexhausted claims if the petitioner "had good

cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."). Accordingly, to pursue the claims raised in this Court, Ayer must exhaust his claims alleging ineffective assistance of counsel. I will direct, in my Simultaneous Order, that this matter be stayed in order to allow Ayer the opportunity to return to the State courts to complete exhaustion.

It should be noted that Ayer has the option of foregoing his unexhausted claims and requesting that this Court proceed promptly with consideration of only his exhausted claims. Ayer should be advised, however, that if he does forego any of his claims, he will likely waive ever having the foregone claims considered by this Court due to the prohibition against second or successive federal habeas petitions. See 28 U.S.C. § 2244; Pratt v. United States, 129 F.3d 54, 56-58 (1st Cir. 1997).

### Conclusion

As stated above, I recommend that claim 8, alleging a violation of Ayer's Fourth Amendment rights, be dismissed from this petition. In my Simultaneous Order, I will direct that the exhausted claims, numbered 1, 3-7, 9 and 10, be stayed pending

11

the exhaustion of claims 2a-2h and the filing of an amendment to Ayer's petition demonstrating complete exhaustion of those claims, or pending Ayer's notice to this Court that he has elected to forego his unexhausted claims.

Any objections to this Report and Recommendation must be filed within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Unauthorized Practice of Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

James R. Muirhead
United States Magistrate Judge

Date:     November  7, 2007

cc:       Daniel E. Ayer, Sr., pro se