**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Daniel E. Ayer, Sr.

    v.                                  Civil No. 07-cv-304-SM

Richard Gerry, Warden,
New Hampshire State Prison

**O R D E R**

     Before the Court is Daniel Ayer's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254 (document no. 1). Ayer challenges the constitutionality of his State conviction for first degree murder. The matter is before me for preliminary review. See Rule 4 of the Rules Governing § 2254 proceedings ("§ 2254 Rule") (requiring initial review to determine whether the petition is facially valid); United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2) (authorizing magistrate judge to preliminarily review filings by inmates in accordance with 28 U.S.S. § 1915A(a)). Ayer has also filed a motion to appoint counsel (document no. 7).

     As explained in my Report and Recommendation, issued simultaneously with this Order, Ayer has not demonstrated that he

has exhausted his available and effective State remedies as required by statute.  See 28 U.S.C. § 2254(b)(1) (providing that the writ "shall not be granted" unless petitioner has exhausted all available or effective State remedies).  I therefore order Ayer to either: (1) forego his currently unexhausted claims, (2) return to the State courts to exhaust his claims, and then (3) to amend his petition to demonstrate exhaustion of his claims.  I further order that this matter be stayed immediately to give Ayer the opportunity to comply with this Order.

Specifically, Ayer is directed to:

1.  Advise this Court within thirty (30) days of the date of this Order if he chooses to forego his unexhausted claims.[1]  If the Court receives this notice, the stay will be lifted and the exhausted claims promptly considered.

2.  If Ayer intends to exhaust his unexhausted claims so that they may be considered here, he must so notify this court, and commence his State court action, within thirty (30) days of

---

[1] In my Report and Recommendation, issued simultaneously with this Order, I notify Ayer that foregoing his unexhausted claims will likely result in his never being able to raise them in a future federal habeas petition due to the statutory restrictions placed upon the filing of second or subsequent habeas petitions. See 28 U.S.C. § 2244; Pratt v. United States, 129 F.3d 54, 56-58 (1st Cir. 1997).

the date of this Order.

    3.   Ayer must notify this Court in writing of the status of the State court proceedings every ninety (90) days.

    4.   When the claims are fully exhausted in the State courts, Ayer must, within thirty (30) days of receiving the final State court decision, notify this Court that the State court litigation is concluded and provide this Court with the documentation of exhaustion of his claims at that time.  To satisfy this Order, Ayer must provide this Court with copies of documents filed in the Superior Courts and the New Hampshire Supreme Court, showing that each of the presently unexhausted claims, including the federal nature of each claim, has been raised and exhausted in those Courts.  Ayer should also provide this Court with copies of any orders or opinions issued by the State courts relative to these matters that have not previously been submitted to this Court.

    5.   Should Ayer fail to make a showing that he has exhausted his State court remedies for each of the grounds presented, or otherwise fails to comply with this Order, the

petition may be dismissed for failure to demonstrate exhaustion.[2] See 28 U.S.C. § 2254(b).

Because this action is not yet able to be reviewed, the motion to appoint counsel (document no. 17) is denied without prejudice to refiling upon the lifting of the stay in this matter.

**SO ORDERED.**

/s/ James R. Muirhead
James R. Muirhead
United States Magistrate Judge

Date: November 7, 2007

cc: Daniel E. Ayer, Sr., pro se

---

[2] If this petition were to be dismissed for failing to demonstrate exhaustion, the dismissal would be without prejudice as it would be procedural and not based on the merits of Ayer's claims. See Slack v. McDaniel, 529 U.S. 473 (2000).