UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Daniel E. Ayer, Sr.

       v.                          Case No. 07-cv-304-SM
                                          Opinion No. 2014 DNH 087
Richard M. Gerry, Warden,
New Hampshire State Prison

## **O R D E R**

Daniel Ayer filed a petition for a writ of habeas corpus (doc. no. 1) in this court, pursuant to 28 U.S.C. § 2254, on September 26, 2007. This matter is before the court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, and for a ruling on pending motions.

## **Background**

Shortly after Ayer filed the initial habeas petition (doc. no. 1) in this matter, the magistrate judge issued a report and recommendation (doc. no. 8) identifying and numbering ten claims for relief (with subparts), recommending the dismissal of claim 4, finding that claims 1, 3-7, 9, and 10 had been properly exhausted and were ready to proceed, and further finding that Ayer had not demonstrated that claims 2(a) – 2(h), all asserting that Ayer's trial counsel was ineffective, had been exhausted. Simultaneously with the report and recommendation (doc. no. 8),

the court issued an order (doc. no. 9) directing petitioner either to forego his unexhausted claims, or to notify the court that he wished to return to the state court to exhaust his unexhausted claims, and, once they were exhausted, to file an amended petition in this court to so demonstrate.  The report and recommendation was approved on November 26, 2007 (doc. no. 11).

At Ayer's request, the court stayed this matter on June 19, 2008.  Ayer then spent more than five years pursuing post-conviction relief in the state courts.  On October 23, 2013, upon Ayer's assertion that his state court proceedings were complete, this court lifted the stay and directed Ayer to file a renewed motion for relief.  Ayer has now filed a motion entitled "Motion for Summary Judgment" (doc. no. 50), a motion for court-appointed counsel (doc. no. 51), and a "Renewed Motion for Relief" (doc. no. 52).

## Discussion

I.   Preliminary Review

     A.   Construction of Pleadings

The court finds that Ayer's motion for summary judgment (doc. no. 50) and his renewed motion for relief (doc. no. 52) are in fact requests to amend his original habeas petition (doc. no. 1) to add two ineffective assistance of trial counsel claims, and to demonstrate exhaustion.  The court thus construes both motions

as motions to amend the petition, and grants the motions.  The original petition (doc. no. 1), along with the assertions in the motions to amend (doc. nos. 50 and 52), will be considered to be the amended petition in this matter for all purposes.  The court thus proceeds to review the amended petition, pursuant to § 2254 Rule 4.

B.   Standard

In undertaking § 2254 Rule 4 preliminary review, this court decides whether the petition contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face and cognizable in a federal habeas action.  See McFarland v. Scott, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face.").  When a habeas petitioner is proceeding pro se, the assertions contained in the petition are construed liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

C.   Claims

In the 2007 report and recommendation (doc. no. 8), the court identified the following cognizable claims for relief:

1.   Ayer was denied his Fifth, Sixth, and Fourteenth Amendment rights to represent himself at trial when the trial court "forced" him to have court-appointed counsel;

2.   Ayer was denied his Sixth and Fourteenth Amendment right to the effective assistance of counsel when his appointed trial counsel:

    a.   Refused to file an interlocutory appeal of the trial court's denial of Ayer's right to proceed pro se at trial;

    b.   Did not preserve, for the appellate record in the case, Ayer's objection to being provided with court-appointed counsel;

    c.   Refused to obtain weapons and forensics experts who could have provided exculpatory information;

    d.   Refused to present defenses based on Ayer's State constitutional right to bear arms in defense of himself, other people, or his property and his State constitutional right to revolution;

    e.   Refused to call as witnesses at petitioner's trial individuals who had been involved in protests against the New Hampshire Department of Health and Human Services Division of Children, Youth, and Families ("DCYF");

    f.   Refused to call as witnesses at petitioner's trial employees of DCYF who were of the opinion that DCYF was not effectively performing its intended functions;

    g.   Refused to investigate child abuse allegations against DCYF from 1998 to use in Ayer's defense at trial; and

    h.   At Ayer's retrial, read a transcript of the testimony of a witness at the first trial who was deceased at the time of the second trial;

3.   Ayer's Sixth and Fourteenth Amendment right to confront the witnesses and evidence against him was violated when the trial court admitted testimony of a witness who had died between Ayer's first and second trials, and whose testimony was recorded at the first trial;

4

4.   Ayer's Fifth, Sixth, and Fourteenth Amendment rights to Due Process and a fair trial were violated when the trial court denied Ayer the ability to present certain defenses to the jury for consideration;

5.   Ayer's Fifth, Sixth, and Fourteenth Amendment rights to Due Process and a fair trial were violated when the trial court refused to instruct the jury regarding the lesser offense of provocation manslaughter;

6.   Ayer's Fifth and Fourteenth Amendment rights to Due Process and not to incriminate himself were violated when his statements were admitted at trial even though he had not voluntarily waived the rights afforded to him by <u>Miranda v. Arizona</u>, 396 U.S. 868 (1969);

7.   Ayer's Fifth and Fourteenth Amendment rights to Due Process and not to incriminate himself were violated when his statements were admitted at trial even though he had invoked his right to counsel prior to questioning, but was not afforded counsel at that time;

8.   [Dismissed by order (doc. no. 11)]

9.   Ayer's Fifth and Fourteenth Amendment Due Process rights were violated when the trial court admitted in evidence firearms, weapons, and ammunition that was found in Ayer's truck even though the items were not used in the commission of the crime, were highly prejudicial, and were not introduced for a legitimate purpose; and

10.  Ayer's Sixth and Fourteenth Amendment right to confront the witnesses against him was violated when the trial court erroneously admitted certain testimonial statements made by Ayer's wife, who did not testify, through another witness, as excited utterances.

In his amended petition, Ayer asserts the following two

additional claims of ineffective assistance of counsel, numbered

11 and 12 in this matter:

11.  Ayer was denied his Sixth and Fourteenth Amendment right to the effective assistance of counsel when his appointed trial counsel suggested Ayer's guilt to the jury by focusing on a mental state defense rather than a defense asserting that Ayer did not engage in the conduct alleged to be criminal.

12.  Ayer was denied his Sixth and Fourteenth Amendment rights to due process when the state habeas court coerced Ayer to accept court-appointed counsel in his post-conviction proceedings when the court knew that appointed counsel would "sabotage or compromise" Ayer's case by not asserting the issues that Ayer chose, and instead would proceed in a manner that the attorney knew would not be successful.

D.  Claim 12

Ayer asserts, in Claim 12, that the state habeas court coerced him to accept court-appointed counsel in order to make sure Ayer's efforts to obtain habeas relief were unsuccessful, in violation of Ayer's rights to counsel and to due process.  Ayer's Sixth Amendment claim that his right to counsel was violated by the ineffectiveness of post-conviction counsel is unavailing, as there is no right to counsel in the post-conviction setting, and because such a claim is barred by the federal habeas statute. See 28 U.S.C. § 2254(i); Martinez v. Ryan, 132 S. Ct. 1309, 1320 (2012).

Ayer's claimed violation of his due process rights by the state habeas court is not cognizable here.  "[A]lleged errors in a postconviction proceeding are not grounds for § 2254 review because federal law does not require states to provide a post-

conviction mechanism for seeking relief." Word v. Lord, 648 F.3d 129, 131 (2d Cir. 2011).

E.   Exhaustion

As stated above, the court has already found that claims 1, 3-7, 9 and 10, have been exhausted.  The court now finds that claim 11 has also been presented to the New Hampshire Supreme Court for consideration, and is now exhausted.  Ayer's amended petition, however, does not demonstrate the exhaustion of claims 2(a)-(h).  The petition is still a "mixed petition," as it contains both exhausted and unexhausted claims.  See DeLong v. Dickhaut, 715 F.3d 382, 386-87 (1st Cir. 2013).  Ayer must either demonstrate exhaustion of, or withdraw and forego, his presently unexhausted claims in order to avoid dismissal of the entire petition.  See id.  If Ayer chooses to forego the unexhausted claims, the petition, stripped of those claims, will be allowed to proceed, but Ayer will be restricted in his ability to obtain federal court review of the withdrawn claims in the future.  See 28 U.S.C. § 2244(b).

II.  Motion for Court-Appointed Counsel

Ayer has filed a motion to appoint counsel (doc. no. 51). "'[T]here is no constitutional right to representation by counsel in habeas corpus proceedings.'"  United States v. Yousef, 395

7

F.3d 76, 77 (2d Cir. 2005) (per curiam). Unless an evidentiary hearing is found to be warranted, this court's power to appoint counsel for an indigent § 2254 petitioner is discretionary. See, e.g., 18 U.S.C. § 3006A(a)(2) (authorizing appointments in interest of justice); § 2254 Rule 8(c).

Ayer has demonstrated an ability to file cogent pleadings and motions, and nothing in the record at this time suggests that an evidentiary hearing will be necessary to resolve Ayer's petition. The motion is therefore denied without prejudice to refiling if the court schedules a hearing, or if Ayer can otherwise show that there are exceptional circumstances warranting an appointment in his case.

## Conclusion

For the foregoing reasons, the court directs as follows:

1.   The motion for appointment of counsel (doc. no. 51) is DENIED without prejudice.

2.   The clerk's office is directed to redocket the motion for summary judgment (doc. no. 50) and the renewed motion for relief (doc. no. 52) as motions to amend the petition. The motions are GRANTED, in accordance with this order.

3.   Ayer is granted leave to file, within thirty days of the date of this order:

   a.   As to Claim 12, a response to this order showing whether Claim 12 states a facially valid claim for federal habeas relief; and

   b.   As to Claims 2(a)-2(h), numbered above, either -

8

           i.   documentation demonstrating exhaustion of Claims 2(a)-(h); or

           ii.  a motion to withdraw and forego the unexhausted claims, and to proceed only on the exhausted claims.

4.   If Ayer fails to comply with this order, and fails to seek an extension of time demonstrating good cause for the requested extension, the court may dismiss the entire petition without prejudice for failure to demonstrate exhaustion.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

April 25, 2014

cc:  Daniel E. Ayer, Sr.
     Susan P. McGinnis, Esq.
     NH Department of Corrections

SM:jba