UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

**Daniel E. Ayer, Sr.**

    v.                              Civil No. 07-cv-304-SM

**Richard Gerry, Warden,**
**New Hampshire State Prison**

**REPORT AND RECOMMENDATION**

Before the court is Daniel Ayer's motion (doc. no. 56) to withdraw and forego the unexhausted claims asserted in this habeas action, filed in response to the court's April 25, 2014, order (doc. no. 53). Respondent has not filed any objection to that motion.

If the district judge grants Ayer's motion (doc. no. 56), Ayer's amended petition, comprised of the factual allegations contained in the pleadings docketed in this case as Docket Nos. 1, 50, 52, and 56, will include only the following claims:

> 1. Ayer was denied his Fifth, Sixth, and Fourteenth Amendment rights to represent himself at trial when the trial court "forced" him to have court-appointed counsel;
>
> 2. Ayer's Sixth and Fourteenth Amendment right to confront the witnesses and evidence against him was violated when the trial court admitted testimony of a witness who had died between Ayer's first and second trials, and whose testimony was recorded at the first trial;

3. Ayer's Fifth, Sixth, and Fourteenth Amendment rights to Due Process and a fair trial were violated when the trial court denied Ayer the ability to present certain defenses to the jury for consideration;

4. Ayer's Fifth, Sixth, and Fourteenth Amendment rights to due process and a fair trial were violated when the trial court refused to instruct the jury regarding the lesser offense of provocation manslaughter;

5. Ayer's Fifth and Fourteenth Amendment rights to due process and not to incriminate himself were violated when his statements were admitted at trial even though he had not voluntarily waived the rights afforded to him by Miranda v. Arizona, 396 U.S. 868 (1969);

6. Ayer's Fifth and Fourteenth Amendment rights to due process and not to incriminate himself were violated when his statements were admitted at trial even though he had invoked his right to counsel prior to questioning, but was not afforded counsel at that time;

7. Ayer's Fifth and Fourteenth Amendment due process rights were violated when the trial court admitted in evidence firearms, weapons, and ammunition found in Ayer's truck even though the items were not used in the commission of the crime, were highly prejudicial, and were not introduced for a legitimate purpose;

8. Ayer's Sixth and Fourteenth Amendment right to confront the witnesses against him was violated when the trial court erroneously admitted certain statements made by Ayer's wife through another witness, as excited utterances, where Ayer's wife did not testify; and

9. Ayer was denied his Sixth and Fourteenth Amendment right to the effective assistance of counsel when his appointed trial counsel suggested Ayer's guilt to the jury by focusing on a mental state defense rather than a defense asserting that Ayer did not engage in the conduct alleged

to be criminal.

The motion to withdraw and forego the unexhausted claims, numbered 2(a) – 2(h) in the April 25, 2014 Order, should be granted, and the district judge should issue the order set forth in the conclusion of this Report and Recommendation.

### Conclusion

For the foregoing reasons, the court recommends that the district judge issue the following three-part order:

>   1.   The motion to withdraw and forego (doc. no. 56) certain claims is GRANTED, rendering the petition, as amended, inclusive of only Claims 1-9, as identified in the magistrate judge's July 2014 report and recommendation.
>
>   2.   The respondent is directed to file an answer or other response to the amended petition, as to Claims 1-9, within thirty days of the date of the order approving the magistrate judge's July 2014 report and recommendation.
>
>   3.   Within sixty days of serving its answer to the amended petition, the respondent shall file either: (a) a summary judgment motion, in accordance with LR 7.4, or (b) a statement representing that an evidentiary hearing is necessary to resolve disputed issues of material fact.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57

(1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____
Andrea K. Johnstone
United States Magistrate Judge

July 7, 2014

cc:  Daniel E. Ayer, Sr., pro se
     Susan P. McGinnis, Esq.